ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ CARLOS RIVERA SANTIAGO<br><br>Demandante-Apelado<br><br><br>v.<br><br><br>MUNICIPIO DE CAYEY<br><br>Demandado-Apelante | KLAN202400876 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV00303<br><br>Sala: 703<br><br>Sobre: LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA ACCESO A LA INFORMACIÓN PÚBLICA (LEY NÚM. 141-2019) |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece el Municipio de Cayey (en adelante, parte apelante o Municipio) y nos solicita la revisión y revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, (en adelante, TPI) dictada el 29 de julio de 2024 y notificada en la misma fecha.[1] Con el beneficio de las partes y por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

**-I-**

El 20 de diciembre de 2023 el señor José Carlos Rivera Santiago (en adelante, parte apelada o señor Rivera Santiago) solicitó mediante correo electrónico una información al Municipio de Cayey.

---

[1] Apéndice del Recurso de Apelación, págs. 59-80.

El 22 de diciembre de 2023 una empleada municipal contestó el correo electrónico y le proporcionó un documento titulado "Formulario Para la Solicitud de Información Pública". Además, le orientó que, por tratarse de la época navideña, el Municipio reabriría sus operaciones el 8 de enero de 2024.

El 22 de diciembre de 2023 la parte apelada presentó, mediante correo electrónico, la petición con el formulario provisto y solicitó la siguiente información:

1. Listado de empleados con nombres, puesto de trabajo, salario fecha de contratación.

2. En el caso de contratistas independientes, se solicitó las hojas de asistencia de los últimos dos años.

3. Todas las actas de la Legislatura Municipal de Cayey de los años 2021, 2022 y 2023.

4. Las ordenanzas municipales aprobadas por la Legislatura Municipal de Cayey en los años 2021, 2022 y 2023.

5. Listado de todos los bienes inmuebles pertenecientes al Municipio de Cayey.

6. Listado de vehículos oficiales del Municipio de Cayey.

7. Cantidad de ambulancias que tiene el Municipio de Cayey y la clasificación de las mismas.

8. Fecha de adquisición de las ambulancias, su costo y recibo de pago.

9. Listado de choferes con nombres, salarios y fechas de contratación.

10. Listado de paramédicos con nombres, salarios y fecha de contratación.

11. Contratos que sostenga el Municipio de Cayey con personas jurídicas que presten los servicios de emergencias médicas del Municipio.

12. Cantidad de casos de emergencias médicas que atendió el Municipio de Cayey en los años 2021, 2022 y 2023.

13. Cantidad de casos que el sistema 9-1-1 haya asignado al Municipio de Cayey.

14. Cantidad de dinero que el Municipio de Cayey ha recibido por pagos provenientes del sistema 9-1-1.

15. Listado de gastos del Municipio de Cayey en emergencias médicas en los años 2021, 2022 y 2023.

16. Presupuesto municipal de los últimos diez años y el presupuesto municipal del año fiscal vigente.[2]

Así las cosas, el 16 de enero de 2024, el Municipio respondió la petición mediante carta y le solicitó que proveyera una identificación como prueba de su identidad.[3] **Dicho requerimiento, no es parte ni se desprende de los requisitos de la Ley Núm. 141-2019**.

El 30 de enero de 2024 la parte apelada presentó ante el TPI una *Demanda*.[4] El 23 de febrero de 2024, notificada el 6 de marzo del mismo año, la Secretaría del TPI emitió notificación al Municipio de Cayey mediante correo sobre la radicación del recurso especial.[5] Posteriormente, el 9 de marzo de 2024, la parte apelada presentó una *Moción Urgente Notificando Incumplimiento del Demandado Municipio de Cayey con Término para contestar Demanda y en Solicitud de anotación de rebeldía*.[6]

Ulteriormente, el 18 de marzo de 2024, el Municipio de Cayey radicó *Contestación a la Demanda*.[7] En síntesis, arguyó que no se estaba negando a proveer la información, sino que el señor Rivera Santiago no quería proveer su identificación. Finalmente, fundamentó su negativa "en que la información es voluminosa o tan difícil de compilar que el tiempo que la parte demandante dio corresponde antes de interponer la demanda fue irrazonable y de mala fe". Así las cosas, el 30 de abril de 2024 la parte apelada radicó *Moción Urgente en Solicitud de Remedio Conforme Establece la Ley 141-2019* y el TPI ordenó la producción de la información solicitada.[8] Del texto de la propia Ley se desprende los términos en que el Municipio debe producir la información solicitada. También

---

[2] Apéndice del Recurso de Apelación, págs. 7-8.
[3] Apéndice del Recurso de Apelación, pág. 9.
[4] Apéndice del Recurso de Apelación, págs. 1-6.
[5] Apéndice del Recurso de Apelación, pág. 10.
[6] Apéndice del Recurso de Apelación, págs. 11-12.
[7] Apéndice del Recurso de Apelación, págs. 13-18.
[8] Apéndice del Recurso de Apelación, págs. 19-22.

manifestó que el Municipio no había producido nada de buena fe, y se encontraba en rebeldía.

El Foro de Instancia emitió una *Orden* el 2 de mayo de 2024 donde le ordenó al Municipio proveer la información solicitada según consta de la demanda en el término perentorio de diez (10) días según consta de la demanda y se desprende de la Ley.[9]  El 9 de mayo de 2024, el Municipio de Cayey radicó *Moción de Reconsideración A Orden Sumaria del 2 de mayo de 2024*.  En esencia, adujo que, aunque no se había negado a producir la información, determinaron que "era necesario que sometiera al comité alguna identificación como prueba de su identidad".[10]

El 13 de mayo de 2024 el señor Rivera Santiago radicó *Moción en Oposición a Reconsideración*. La parte apelada destacó que esto no era más que un subterfugio para negarse a producir la información y que continuaba violentando los términos dispuestos en la Ley Núm. 141-2019, *supra*, y en adición retando la autoridad del Tribunal al incumplir sus órdenes.[11]  El 15 de mayo de 2024, el Municipio de Cayey radicó *Moción de Réplica a Moción en Oposición a Reconsideración*.[12]  En resumen, reprodujo los mismos argumentos de la *Moción de Reconsideración*.[13]  *Posteriormente, el Municipio presentó una Moción Informativa sobre envío de carta a representante legal de la Parte Demandante.[14]* Posterior a ello, presentó una *Moción Solicitando Desestimación por Academicidad*.[15]

El 28 de mayo de 2024 el Tribunal de Primera Instancia emitió una *Resolución*, en la cual dispuso *Ha Lugar a la Moción de Reconsideración* y a la respectiva *Réplica* y señaló una vista

---

[9] Apéndice del Recurso de Apelación, pág. 22.
[10] Apéndice del Recurso de Apelación, pág.26.
[11] Apéndice del Recurso de Apelación, págs. 35-37.
[12] Apéndice del Recurso de Apelación, págs. 23-52.
[13] Apéndice del Recurso de Apelación, págs. 38-43.
[14] Apéndice del Recurso de Apelación, págs.44-47.
[15] Apéndice del Recurso de Apelación, págs. 48-52.

argumentativa para el 4 de junio de 2024.[16] Posteriormente, la misma fue reseñalada. El 11 de junio de 2024, se celebró la vista argumentativa mediante videoconferencia y ambas partes comparecieron.[17]

El 29 de julio de 2024, el foro primario emitió una *Sentencia,* mediante la cual ordenó al Municipio inmediatamente y sin demora a entregar la información solicitada por ser información pública que conlleva el desembolso de fondos públicos. Por lo que declaró *No Ha Lugar* la *Moción de Desestimación* presentada por la parte apelante.

Inconforme con el aludido dictamen, la parte apelante presentó el 27 de septiembre de 2024 el recurso de apelación que nos ocupa e imputó al TPI la comisión del siguiente error:

> Erró el tribunal de primera instancia al ordenar la creación de un listado de los nombres, puestos, salarios y fechas de contratación de todos los empleados de municipio de Cayey porque tal documento nuevo tendría que ser creado por el municipio con información que surge de los expedientes de personal de los funcionarios los cuales, por disposición estatutaria y jurisprudencial, son de carácter confidencial y, por ende, no constituyen información pública.

### -II-

### -A-

La Ley Núm. 141-2019, 3 LPRA sec. 9911, *et seq.,* mejor conocida como "Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública", (en adelante, Ley Núm. 141-2009), fue promulgada para promover el derecho que tiene el ciudadano al acceso a la información pública. Según se desprende de la Exposición de Motivos, el derecho de acceso a la información es el derecho que faculta a la ciudadanía a exigirle al gobierno que rinda cuentas sobre su gestión, lo que resulta esencial para lograr una mayor transparencia gubernamental. Para que la ciudadanía

---

[16] Apéndice del Recurso de Apelación, pág. 53.
[17] Apéndice del Recurso de Apelación, págs. 55-58.

pueda ejercer este derecho a plenitud, es obligación del Gobierno de Puerto Rico establecer normas y procedimientos claros, económicos, sencillos y expeditos para acceder a la información pública. Además, es de suma importancia que las normas sobre información pública estén fundamentadas en el principio de transparencia en la gestión gubernamental.

Como parte de la Política Pública en el Artículo 3:

> Se establece como política pública del Gobierno de Puerto Rico lo siguiente:
>
> 1) **La información y documentación que produce el gobierno se presume pública y accesible a todas las personas por igual.**
>
> 2) La información y documentación que produce el gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.
>
> 3) **El derecho constitucional de acceso a la información requiere la transparencia gubernamental**.
>
> 4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.
>
> 5) **El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.**
>
> 6) **El acceso a la documentación e información pública tiene que ser ágil, económico y expedito**.
>
> 7) **Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.**
>
> 8) El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros. 3 LPRA sec. 9913. (Énfasis suplido)

De igual forma, la Ley establece sobre su artículo 4 – Divulgación rutinaria de la información lo siguiente:

**Artículo 4. — Divulgación rutinaria de la información**
En el Gobierno de Puerto Rico se facilitará el acceso a la información pública y se divulgará rutinariamente a través de sus páginas electrónicas oficiales y mediante otros medios de comunicación la información sobre su funcionamiento, acciones y los resultados de su gestión. La entidad gubernamental tiene el deber de divulgar en su página electrónica oficial, de forma periódica, proactiva y actualizada, la información sobre su funcionamiento, la ejecución y control de las funciones delegadas, así como toda documentación pública que sea realizada por la entidad de forma rutinaria. **No serán información pública los expedientes de personal o cualquier información de esta índole.**
Además, establecerá mecanismos adecuados para facilitar la accesibilidad, calidad y reutilización de la información publicada electrónicamente, así como su identificación y localización. 3 LPRA sec. 9914

Por otro lado, en el artículo 6- Solicitudes (3 LPRA sec. 9916) se establece lo siguiente:

**Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico**. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma. (Énfasis suplido)

La solicitud de información deberá incluir al menos una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información que solicita.

Por otro lado, las disposiciones del precitado estatuto son de aplicación "al Gobierno de Puerto Rico, entiéndase la Rama Legislativa, Rama Judicial y Rama Ejecutiva, incluyendo en ésta a todas las entidades gubernamentales, corporaciones públicas y los municipios. De igual forma aplica a terceros custodios de información o documentos públicos". Artículo 2 de la Ley Núm. 141-2019, 3 LPRA sec. 9912. Cónsono con el fin de proveer un proceso expedito, el Artículo 6 de la Ley Núm. 141-2019, *supra,* permite que cualquier persona, mediante solicitud escrita o por vía

electrónica, presente una solicitud requiriendo información pública "sin necesidad de acreditar algún interés particular o jurídico". Dicha solicitud deberá contener "una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información". *Íd.*

Finalmente, el artículo 7 regula lo concerniente a los términos para hacer entrega o disponible la información pública de la siguiente forma:

> Sujeto a las disposiciones de esta Ley, los Oficiales de Información de una entidad gubernamental **deberán producir cualquier información pública para su inspección, reproducción o ambos, a petición de cualquier solicitante, en un término no mayor de diez (10) días laborables**. En el caso de la Rama Ejecutiva, la Oficina a nivel central de la agencia o entidad gubernamental, deberá cumplir con el término antes indicado**. No obstante, si la solicitud se hace directamente a nivel de una Oficina regional de la agencia o entidad gubernamental el término para entregar la información no podrá ser mayor de quince (15) días laborables.** En el caso anterior, el Oficial de Información a nivel regional deberá de forma diligente en un periodo de no mayor de cuarenta y ocho (48) horas informar mediante correo electrónico a nivel central la solicitud recibida para así determinar el trámite a seguir, según corresponda. **El término para entregar la información comenzará a decursar a partir de la fecha en que el solicitante haya enviado su solicitud de información a la entidad gubernamental, según conste en el correo electrónico, el matasellos del correo postal o el recibo del facsímil. Si la entidad gubernamental no contesta dentro del término establecido, se entenderá que ha denegado la solicitud y el solicitante podrá recurrir al Tribunal. Este término es prorrogable por un término único de diez (10) días laborables, si el Oficial de Información notifica la solicitud de prórroga al solicitante dentro del término inicial establecido y expone en la solicitud la razón por la cual requiere contar con tiempo adicional para entregar la información o documentación solicitada**.
>
> **Toda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido**. Los Oficiales de Información cumplen con los parámetros de esta Ley si, según las preferencias del solicitante, realizan una de estas acciones:

a) Hacen la información disponible al solicitante en las oficinas de la entidad gubernamental para su inspección y reproducción;

b) Envían información al solicitante por correo electrónico;

c) Envían copia de la información por correo federal (First Class), siempre y cuando, el solicitante esté dispuesto a pagar por sello y otros costos asociados; o

d) Proveen al solicitante una dirección de internet (URL) de una página web con instrucciones para acceder a la información solicitada. 3 LPRA sec. 9917; (Énfasis suplido).

Es decir, este término es prorrogable por 10 días adicionales,[18] siempre y cuando la solicitud de prórroga, la cual debe exponer la razón por la cual se necesita de tiempo adicional, se notifique dentro del término original. *Id.* Sin embargo, si la entidad gubernamental no contesta dentro del término inicial, se entenderá que ha denegado la solicitud. *Id.* Ante esta situación, la persona que solicita la información podrá recurrir ante el Tribunal. *Íd.* Mediante los referidos términos se garantiza que las entidades públicas atiendan reclamos de información pública de forma sencilla y expedita.

> Por otra parte, se dispone que, si la entidad gubernamental a la cual se le solicita la inspección de información pública se niega a divulgarla, deberá "**especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido**". *Íd.* (Énfasis suplido)

En caso de que la entidad gubernamental haya negado el acceso a la información pública solicitada, ya sea porque determinó no hacerlo o porque no la entregó dentro del término requerido, el solicitante tendrá el derecho de presentar un Recurso Especial de Acceso a Información Pública ante el Tribunal de Primera Instancia. Artículo 9 de la Ley Núm. 141-2019, 3 LPRA sec. 9919. Este es el mecanismo adecuado para impugnar la determinación de la entidad gubernamental, y solicitar la producción de la información pública a la cual se le ha negado acceso.

---

[18] Al igual que el término inicial, los 10 días adicionales son laborales.

Finalmente, se dispone en el artículo 12- Cláusula de Interpretación:

> La enumeración de derechos que antecede no se entenderá de forma restrictiva, ni supone la exclusión de otros derechos y procedimientos pertenecientes a las personas solicitantes de información pública y no mencionados específicamente como lo es el recurso de mandamus tradicional.
> **Esta Ley deberá interpretarse en la forma más liberal y beneficiosa para la persona solicitante de información pública. En caso de conflicto entre las disposiciones de esta Ley y la de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación pública.** (Énfasis suplido)

*-B-*

El derecho al acceso a la información pública es principio inherente de toda sociedad democrática, de carácter fundamental y estirpe constitucional. *Engineering Services v. AEE*, 205 DPR 136, 145 (2020). Está estrechamente ligado a los derechos de libertad de palabra, prensa y asociación, pues, mediante el efectivo ejercicio de este derecho, se cumplen los siguientes propósitos: (1) facilita la libre discusión de los asuntos gubernamentales, (2) es posible evaluar y fiscalizar la función pública de forma más adecuada, y (3) garantiza una participación ciudadana más efectiva e inteligente en los procesos gubernamentales. *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, 207-208 (2021). A través de este derecho, se garantiza que la ciudadanía tenga acceso y pueda examinar el contenido de los documentos compilados por el Estado en el ejercicio de sus gestiones gubernamentales. *Íd.* En consecuencia, el Estado no puede, de forma caprichosa o arbitraria, negar a la ciudadanía acceso a la información que recopila como parte de la gestión pública. *Íd.*

Existen varias disposiciones legales que recogen este principio constitucional. Por ejemplo, el Artículo 409 del Código de Enjuiciamiento Civil, reconoce que "[t]odo ciudadano tiene derecho

a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley". 32 LPRA sec. 1781. Por su parte, el Artículo 2.015 del Código Municipal de Puerto Rico dispone que "[c]ualquier persona podrá solicitar que se le permita inspeccionar, copiar, fotocopiar u obtener copias certificadas de cualquier documento público de naturaleza municipal, salvo que expresamente se disponga lo contrario por cualquier ley al efecto". Ley Núm. 107-2020, 21 LPRA sec. 7175.

A su vez, el Artículo 2.015 del Código Municipal de Puerto Rico, *supra*, dispone que:

> [. . .] A los fines de este Artículo, "documento público" significará cualquier escrito, impreso, papel, libro, folleto, fotografía, fotocopia, película, microficha, cinta magnetofónica, mapa, dibujo, plano, cinta, disco compacto o cualquier otro material leído por máquina e informativo, sin importar su forma o características físicas y que se origine, se reciba o se conserve en cualquier unidad administrativa, dependencia u oficina del municipio de acuerdo con este Código; y cualquier escrito que se origine en otra agencia del Gobierno estatal o del Gobierno federal o que se origine por cualquier persona privada, natural o jurídica, en el curso ordinario de transacciones con el municipio y se conserven permanente o temporalmente en cualesquiera unidades administrativas, oficinas o dependencias del municipio por su utilidad administrativa, valor legal, fiscal, histórico o cultural. 21 LPRA Sec. 1781

De igual forma, el Artículo 2060 de la antedicha Ley - Expedientes: [...] **(b)** Los expedientes individuales de los empleados tendrán carácter confidencial. Todo empleado tendrá derecho a examinar su expediente particular.

Ahora bien, para que un ciudadano pueda valerse del derecho al acceso a la información, es necesario que, en efecto, la información solicitada sea pública. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 81 (2017). Al respecto, el Artículo 3 de la Ley Núm. 5 del 8 de diciembre de 1955, 3 LPRA sec. 1001, mejor conocida como la Ley de Administración de Documentos Públicos de Puerto

Rico, define el término de **documento público** de la siguiente manera:

> Es todo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en la sec. 1002 de este título se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos.

Como regla general, si la información solicitada puede catalogarse como documento público, según definido en los estatutos que anteceden, el ciudadano tiene legitimación activa a requerir su inspección. *Engineering Services v. AEE, supra*, pág. 147. No obstante, el derecho a información pública no es absoluto ni ilimitado**. A modo de excepción, existen ciertas circunstancias en las que el Estado puede negarse a divulgar información, aunque sea pública. En estos casos, resulta indispensable que el Estado demuestre uno de los siguientes reclamos: (1) que una ley declara que la información es confidencial; (2) que la comunicación está protegida por algún privilegio evidenciario; (3) cuando revelar la información pueda lesionar derechos fundamentales de terceros; (4) que se trata de un confidente, según la Regla 515 de Evidencia; 32 LPRA Ap. VI o (5) que se trata de información oficial, conforme la Regla 514 de Evidencia**. *Íd.* (Énfasis suplido) *Kilómetro 0 v. Pesquera López et al., supra,* pág. 210. De presentarse alguno de estos fundamentos, "el Estado estaría legitimado para restringir el acceso de los ciudadanos a documentos de carácter público". *Colón Cabrera v. Caribbean Petroleum*, 170 DPR 582, 590 (2007). En ese contexto, por tratarse de una negativa justificada, el Estado puede imponer aquellas limitaciones que entienda necesarias. *Íd.*

### -C-

El derecho a la intimidad en la información personal es una modalidad del derecho a la intimidad, protegida por el Artículo II, secciones 1 y 8 de nuestra Constitución, se encuentra regido mayormente por parámetros establecidos a través de estatutos que reglamentan el uso de la información obtenida por el gobierno.[19] *Asoc. Ctrl. Acc. C. Maracaibo v. Cardona,* 144 DPR 1, 30 (1997); *López Vives v. Policía de PR,* 118 DPR 219, 242-243 (1987). Este derecho contiene unas garantías mínimas que reducen el riesgo del mal uso de los datos personales de los ciudadanos. Distinto a la violación de otros derechos, la intromisión indebida con el derecho a la intimidad suele producir daños personales irreparables. *López Vives v. Policía de P.R., supra,* pág. 244. Por tanto, un elemento importante del derecho a la intimidad "es el control que se le debe reconocer y proteger al ciudadano sobre los distintos valores inmersos en este derecho: valores tales como la formación de la identidad, la vida íntima y familiar y la autonomía en la toma de decisiones importantes". *Íd.*

El derecho a la intimidad en la información personal tiene varias modalidades: (1) la adquisición de información por el Gobierno; (2) la retención prolongada por el Gobierno de la información adquirida; (3) la divulgación de esa información a terceros o a otras agencias del Gobierno sin el previo consentimiento del ciudadano afectado y (4) el acceso del ciudadano a su información personal, recopilada por el gobierno. *Íd.* págs. 245-246. Esta información sólo se puede requerir cuando exista un propósito gubernamental importante o apremiante, según los intereses de cada caso.

---

[19] La referida sección constitucional establece que "[t]oda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar." Art. II, Secs. 1 y 8, Const. ELA, LPRA, Tomo 1.

-*III*-

La parte apelante sostiene ante este Tribunal que incidió el Tribunal de Primera Instancia al ordenarle a la creación de una serie de documentos que surge de los expedientes de personal y son de carácter confidencial. Plantea a su vez, que no existe derecho a obtener información confidencial que obra en los expedientes municipales. Finalmente arguye que, no existe un derecho de obligar al Municipio a crear nuevos documentos. *No le asiste la razón.*

Cuando el señor Rivera Santiago requirió un listado de información pública, inherente a la Ley Núm. 141-2019, *supra*, el Municipio condicionó proveerle el acceso a la información que es pública, requiriéndole una identificación, **la cual no es exigida por la Ley, reglamentación, carta circular u orden administrativa alguna**. Ante la negativa del Municipio en el plazo que la propia Ley 141-2019, *supra*, dispone, la parte apelada acudió al Tribunal tal como establece el propio estatuto.

Tras múltiples asuntos procesales que no son necesarios pormenorizar, el Municipio estableció que no entregaría expedientes de personal, toda vez que los contratistas no llenan hojas de asistencia, que no existen contratos con personas jurídicas que presten servicios de emergencia y sobre la información requerida al Centro de Recaudación de Ingresos Municipales (CRIM), que la parte apelada, la requiriera en la agencia que era de fácil acceso. De igual forma, añadió que la información sobre los empleados, sueldos y posiciones era información confidencial, por estar contenida en su expediente personal, que a su vez es confidencial.

Destacamos algunas de las **Determinaciones de Hecho** de la *Sentencia*:

9. Previo al 30 de enero de 2024, el municipio no emitió ninguna determinación ya sea denegando la solicitud o proveyendo alguna de la información solicitada.

10. Mediante certificación provista por el Municipio con fecha del 9 de mayo de 2024 y firmada por José A. Rodríguez Otero, empleado municipal y miembro del Comité de Transparencia, se certificó que el Municipio Autónomo de Cayey no tiene contratos con contratistas independientes que sometan hoja de asistencia y no tiene contrato con personas jurídicas que trabajen las emergencias médicas.

11. Luego de radicada la demanda y previo a la celebración de la vista argumentativa, el Municipio le proveyó a la parte demandante la siguiente información: Todas las actas de la legislatura Municipal de Cayey de los años 2021, 2022 y 2023 y las ordenanzas Municipales de los mismos años; listado de los vehículos oficiales del municipio de Cayey, de las ambulancias que tiene el municipio de Cayey y de la clasificación de las mismas, fecha de adquisición, su costo y recibo de pago; cantidad de casos de emergencias médicas que atendió el municipio de Cayey en los años 2021, 2022 y 2023; cantidad de casos que el sistema 911 haya asignado al municipio de Cayey; cantidad de dinero que el Municipio de Cayey ha recibido por pagos provenientes del sistema 911; Listado de gastos del Municipio de Cayey en emergencias médicas en los años 2021, 2022 y 2023; y el presupuesto municipal de los últimos 10 años y el presupuesto municipal del año fiscal vigente.

**12. El Municipio no le proveyó a la parte demandante el listado de empleados, incluyendo choferes y paramédicos, con sus respectivos nombres, puesto de trabajo, salario y fecha de contratación.** (Énfasis suplido)

La parte apelante sostiene que basado en las leyes antes expuestas, la solicitud de la parte apelada resulta improcedente toda vez que, por disposición de la propia Ley Núm. 141-2019, *supra,* el expediente del empleado es confidencial. Aduce que "se le pretende forzar al Municipio a crear un listado con datos seleccionados específicamente por el peticionario según su curiosidad".[20] No obstante, es menester destacar que la parte apelada no está solicitando el expediente de personal que implica

---

[20] Recurso de Apelación, pág. 14

datos privados. El señor Rivera Santiago está solicitando información pública que obra en dichos expedientes y en otra documentación o departamentos, como por ejemplo el departamento de finanzas, de donde se puede extraer sin violentar la privacidad de estos.

Se desprende de la *Sentencia* emitida por el Tribunal de Instancia que:

> **Siendo así, en el caso ante nuestra consideración la parte demandante no está solicitando la revisión del expediente de personal, sino que solicita el nombre, sueldo y posición de todos los empleados del Municipio, y arguye a su vez, que dicha información consta o está disponible en otros departamentos o divisiones del Municipio, sin ni siquiera tener que accesar al expediente de personal. Por lo tanto, resulta forzoso concluir que cierta información que forma parte del expediente de personal es confidencial mientras que otra información no lo es.** Ejemplo de esto es el seguro social, edad, composición familiar, información sobre condiciones de salud, pruebas de dopaje, dirección física y postal, récords universitarios o escolares, documentos de Hacienda sobre el pago de contribuciones y/o certificaciones de deuda, información de ASUME y del CRIM, entre otra información privada. Esto es información personal que le solicita el patrono, en este caso el Municipio, al empleado como parte de los requisitos para su contratación, lo cual, sin lugar a duda es confidencial. Ahora bien, **¿el sueldo de un empleado público se considera información confidencial? ¿forma parte de esa información personal que provee el propio empleado como requisito para su contratación? ¿tiene el empleado público una expectativa a la intimidad sobre dicha información?** Estas interrogantes fueron atendidas y analizadas por el Tribunal de Apelaciones en los casos *Mamery Viñals v. Santiago*, KLAN201401411 (sentencia del 29 de octubre de 2014) y en *Irizarry Pabón v. Municipio Autónomo de Ponce*, KLAN201600602 (sentencia del 30 de agosto de 2016). En ambos casos, el Tribunal de Apelaciones tuvo ante sí una controversia similar a la que nos ocupa en la cual se requirió información que se encuentra en los expedientes de personal del Sistema de Retiro y del Municipio de Ponce, respectivamente. **En ambos casos, además de otra información, se solicitaba la información sobre la compensación actual de los empleados. El tribunal concluyó, en ambos casos, que la información sobre los salarios de empleados públicos no es confidencial y que la expectativa que pueda tener un empleado del Gobierno tiene que ser reducida puesto que tales salarios se costean con fondos públicos.** En específico, en el caso de *Irizarry Pabón v.*

*Municipio Autónomo de Ponce, supra,* el Tribunal de Apelaciones explica que la jurisprudencia persuasiva en los Estados Unidos aclara que las regulaciones federales requieren que se publiquen las escalas de retribución, además de los bonos por desempeño de los empleados de gobiernos estatales y locales. Resulta forzoso destacar que en el momento en que el Tribunal de Apelaciones atendió ambos casos, no estaba vigente la Ley 141-2019, mediante la cual se creó la política pública del gobierno de Puerto Rico con relación al acceso a la información pública, cónsona con las disposiciones del *Freedom of Information Act* ("FOIA"), 5 USC sec. 522. (Énfasis suplido y en el original)

No obstante, recientemente otro panel del Tribunal de Apelaciones en el caso *Faustino X. Betancourt Colón v. Municipio de Utuado,* KLAN202300047(sentencia del 22 de febrero de 2023) tuvo ante su consideración otra controversia similar al caso de autos, en donde tuvo que interpretar y aplicar las disposiciones la Ley 141-2019. **En síntesis, y con relación al asunto que nos ocupa, el Tribunal concluyó que: la información (***nombres, puestos y sueldos de todos los empleados del municipio***) es generada por el propio Estado**, **involucra el desembolso fondos públicos**, **y no existe legislación que prohíba su divulgación**, **pues esta información no se cataloga como privilegiada o confidencial. En consecuencia, por tratarse de información generada en el manejo de asuntos públicos**, **constituye información pública que el Municipio debió facilitar**. (Énfasis suplido y en el original)

Ciertamente, este Tribunal no puede enajenarse de lo resuelto en los casos antes citados, que, aunque de carácter persuasivos, forman parte de las interpretaciones más recientes sobre los asuntos relacionados al acceso a la información pública en Puerto Rico. **Por tanto, y acorde con los fundamentos antes esbozados, este Tribunal determina que la parte demandante tiene derecho a que se le entregue la información solicitada con relación a los salarios, nombres y puestos de los empleados del municipio de Cayey por ser la misma información pública, ya que conlleva el desembolso de fondos públicos**. El determinar lo contrario sería lacerar la política pública establecida por la Asamblea Legislativa en la Ley 141-2019 y la jurisprudencia aplicable. Además, la parte demandada no le demostró al Tribunal el haber tenido un interés apremiante que estuviera por encima del derecho fundamental de los ciudadanos a tener acceso a la información pública. (Énfasis suplido y en el original).[21]

Este Tribunal ha reiterado en múltiples ocasiones que la información solicitada, si bien es parte del expediente del

---

[21] Apéndice del Recurso de Apelación, págs. 78-80

empleado, la información solicitada tales como nombres, puestos y sueldos de todos los empleados no es confidencial. Es información generada por el Estado, involucra fondos públicos y no existe legislación que prohíba su divulgación. Esto es muy distinto a intentar extender la privacidad de la Ley Núm. 141-2019, *supra*, al igual que la protección del Código Municipal, entre otras leyes antes mencionadas. Este Tribunal en diferentes paneles hermanos a sostenido el acceso a la información pública y ciertamente el Municipio no demostró ante el foro de origen ningún interés apremiante que superara el balance de intereses del derecho fundamental y constitucional de los ciudadanos a la información pública. Por lo que es forzoso concluir que la parte apelada tiene derecho a la información solicitada por esta ser de carácter público. *No se cometió el error señalado.*

### *-IV-*

Por los fundamentos expuestos, los que se hacen formar parte de este dictamen, se confirma la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones